In re The BEVERLY CORPORATION,
Debtor.

Roger A. COX, Plaintiff,

v.

Paul J. GRELLA, Trustee, Defendant.

Bankruptcy No. 92–19147–WCH.
Adv. No. 93–1244.

United States Bankruptcy Court,
D. Massachusetts.

July 14, 1993.

Roger A. Cox, Boston MA, for plaintiff.

David S. Katz, Paul J. Grella, Shane & Paolillo, Newton MA, for defendant.

### DECISION ON MOTION FOR SUMMARY JUDGMENT, ETC.

WILLIAM C. HILLMAN, Bankruptcy Judge.

Plaintiff seeks a declaratory judgment that the debtor, The Beverly Corporation ("Beverly"), does not have a security interest in certain securities issued by Corporate Technology Information Services, Inc. ("Corp–Tech"). Defendant is the Chapter 7 trustee of Beverly. He counterclaimed against Corp–Tech, which is not a party to this litigation, seeking the issuance of replacement certificates.

This matter is before the court on plaintiff's motion for summary judgment on the complaint and defendant's counterclaim, and defendant's motion to continue the hearing on the summary judgment motion pending discovery. The Court took both motions under advisement.

■ As a preliminary matter, plaintiff alleges that this is a non-core proceeding and asks that the Court submit proposed findings of fact under 28 U.S.C. § 157(c)(1). However, the Court finds as a matter of law that this is a core proceeding, either as a matter concerning the administration of the estate or involving the determination of the validity, extent, or priority of liens. 28 U.S.C. § 157(b)(2)(A), (K).

FRCP 56(c), made applicable to this motion by FRBP 7056, provides that summary judgment shall be rendered in favor of a party

> "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The burden of proof is upon the moving party in the first instance. *United States Trust Co. v. Raritan River Steel Co. (In re American Spring Bed Mfg. Co.)*, 153 B.R. 365 (Bankr.D.Mass.1993). To defeat the motion, the opposing party must produce substantial evidence of a genuine dispute as to a material fact. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

■ To narrow the discussion before continuing:

1. The motion for a continuance is denied, as the information which defendant states that he wishes to uncover is not relevant to the issues before the Court.

2. The Court cannot order affirmative relief against Corp–Tech, as that corporation is not a party to the present adversary proceeding. Since the counterclaim seeks only that relief, there is no genuine dispute before the Court and summary judgment is granted to plaintiff on the counterclaim.

### Findings of Fact

1. In 1984 and 1986 Edward F. Desmond ("Desmond") purchased 4,000 Class A Common and 2,862 Class B Preferred shares issued by Corp–Tech.

2. Carlyle–Omni Industries, Inc. ("C–O"), a corporation controlled by Desmond, purchased 300 Class B Common, 7,000 Class A Preferred, and 7,656 Class B Pre-

ferred shares issued by Corp–Tech between 1984 and 1986.

3. On an unstated date in July, 1988, Desmond and C–O executed a pledge agreement to Beverly, stating that they had deposited with Beverly

"4000 Shares Common Stock in Corp Tech Info Services, Inc.; 2,862 Shares of Preferred Stock in Corp Tech Info Services, Inc. (personally) and 12,815 Shares of Preferred Stock in Corp Tech Info Services, Inc. (corporate)."

4. On August 1, 1988, Desmond and C–O executed a second pledge agreement to Beverly, identical to the first except that the collateral security was described as

"5,000 shares of preferred stock in IN-FOTECH SERVICES, INC. (Carlyle–Omni Industries, Inc.) and 4,000 shares of common stock in INFOTECH SERVICES, INC. (Edward F. Desmond, Jr.)"

5. The certificates had been in the possession of Desmond and C–O but were lost and never endorsed or delivered to Beverly.

6. Defendant does not have, and has never had, possession of the certificates.

7. In 1991 Beverly sent Corp–Tech copies of the pledge agreements, affidavits that the securities had been lost, and a letter requesting the issuance of new certificates.

8. On July 16, 1992, Desmond and C–O sold the shares represented by the certificates described in ¶¶ 1 and 2, as well as other shares and warrants not otherwise mentioned in the record, to Roger A. Cox, without delivery of any certificates, although they are described in detail in the sales documents.

### Discussion

In opposing the motion for summary judgment, Defendant argues, first, that the collateral descriptions in the two pledge agreements were adequate despite their lack of specificity. Because of the Court's decision on other issues, it is not necessary to reach that point.

Defendant next argues that it holds a valid and perfected security interest in the shares, notwithstanding the lack of deliv-

ery, by virtue of Article 8 of the Uniform Commercial Code ("UCC") as adopted in Massachusetts, and in particular by virtue of M.G.L.A. c. 106 §§ 8–321(1) and 8–313(1)(h)(i).

■ Defendant correctly relies upon § 8–321(1) for the proposition that

"a security interest in a security is enforceable and can attach only if it is transferred to the secured party or to a person designated by him pursuant to a provision of subsection (1) of section 8–313."

He then turns to the last cited section and relies upon subsection (1)(h)(i). As relevant here, § 8–313 reads

"(1) Transfer of a security or a limited interest, including a security interest therein to a purchaser occurs only:

". . . .

"(h) with respect to the transfer of a security interest where the debtor has signed a security agreement containing a description of the security, at the time a written notification, which, in the case of the creation of the security interest, is signed by the debtor, which may be a copy of the security agreement . . . is received by:

"(i) a financial intermediary on whose books the interest of the transferor in the security appears."

Defendant's argument can prevail only if Corp–Tech, as the issuer of the securities, is a "financial intermediary" under Article 8.

The statute defines "financial intermediary" as

"a bank, broker, clearing corporation or other person . . . which in the ordinary course of its business maintains security accounts for its customers and is acting in that capacity".

■ The parties have not cited, and the Court on its own has not found, a single case construing the definition of "financial intermediary". However, the legislative history indicates, and the use of the term "intermediary" demonstrates, that the term was intended to indicate persons who "hold" securities in an account for a

customer. The intermediary must maintain security accounts in the ordinary course of its business. *Uniform Commercial Code Comment (1977 Revision)*, M.G.L.A. p. 353. A plain language reading of the language leads to the conclusion that, absent possible other factors not present in this case, an issuer is not a financial intermediary within the meaning of the statute. Further, "issuer" is an independently defined term. *See* M.G.L.A. c. 106 § 8–201.

Finally, defendant contends that possession is immaterial because of certain provisions of M.G.L.A. c. 106 § 8–321(3)(b), and its reference over to M.G.L.A. c. 106, § 9–207. It is true that the cited Article 8 provision makes the rights and duties contained in § 9–207 relevant "to the extent they are applicable". However, § 9–207 deals with cases where the collateral is in the possession of the secured party, and the Court has found as a fact that the secured party did not have possession.

### Conclusion

For the reasons stated, the motion for summary judgment will be granted. An appropriate order will enter.